Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
07/31/2026
CT Log Number 552937171

## Service of Process Transmittal Summary

**TO:** KIM LUNDY- EMAIL
Walmart Inc.
GLOBAL GOVERNANCE/CENTRAL INTAKE, 2914 SE I STREET MS#0200
BENTONVILLE, AR 72712-3148

**RE:** **Process Served in New York**

**FOR:** Wal-Mart Stores East, LP (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

**TITLE OF ACTION:** Re: SEIBERT MATHIAS // To: Wal-Mart Stores East, LP

**DOCUMENT(S) SERVED:** Summons, Attachment(s), Verified Complaint, Verification, Notice

**COURT/AGENCY:** Suffolk County Supreme Court, NY
Case # 6212212026

**NATURE OF ACTION:** Personal Injury - 04/24/2026, 161 Centereach Mall, Centereach, NY 11720

**PROCESS SERVED ON:** C T Corporation System, New York, NY

**DATE/METHOD OF SERVICE:** By Process Server on 07/31/2026 at 12:08

**JURISDICTION SERVED:** New York

**APPEARANCE OR ANSWER DUE:** Within 20 days after service, exclusive the day of service (Document(s) may contain additional answer dates)

**ATTORNEY(S)/SENDER(S):** Nicholas Gerschman
Morgan & Morgan New York, PLLC
199 Water Street, 15th Floor
New York, NY 10038
917-344-7021

**ACTION ITEMS:** CT has retained the current log, Retain Date: 07/31/2026, Expected Purge Date: 08/10/2026

Image SOP

**REGISTERED AGENT CONTACT:** C T Corporation System
28 Liberty Street
New York, NY 10005
8775647529
MajorAccountTeam2@wolterskluwer.com

**REMARKS:** Please note the process server underlined, circled, initialed and/or highlighted the entity name served prior to receipt by CT.

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other

information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

# PROCESS SERVER DELIVERY DETAILS

**Date:** Fri, Jul 31, 2026
**Server Name:** Alexander James

| | |
|---|---|
| Entity Served | WALMART INC. |
| Case Number | 621221/2026 |
| Jurisdiction | NY |

| Inserts | | |
|---|---|---|
| | | |

**PLEASE FORWARD TO YOUR INSURANCE CARRIER**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

MATHIAS SEIBERT,

Plaintiff,

-against-

WALMART INC., WAL-MART STORES EAST, LP and ALICE SHI,

Defendants.

**Index No.:**

**SUMMONS**

Plaintiff designates SUFFOLK County as the place of trial, the county in which a substantial part of the events or omissions giving rise to the claim occurred.

**TO THE ABOVE-NAMED DEFENDANTS:**

**YOU ARE HEREBY SUMMONED** to answer the Verified Complaint in this action and to serve a copy of your Answer on the Plaintiff's attorneys within twenty days after service of this Summons, exclusive of the day of service, or within thirty days after service of this Summons is complete if this Summons is not personally delivered to you within the State of New York.

In case of your failure to answer this Summons, a judgment by default will be taken against you for the relief demanded in the Verified Complaint.

Dated: New York, New York
July 27, 2026

**MORGAN & MORGAN NEW YORK PLLC**

By: */s/ Nicholas Gerschman*
Nicholas Gerschman
*Attorneys for Plaintiff*
199 Water Street, 15th Floor
New York, NY 10038
(917) 344-7021
ngerschman@forthepeople.com

**PLEASE FORWARD TO YOUR INSURANCE CARRIER**

WALMART INC.
28 LIBERTY STREET
NEW YORK, NY 10005

WAL-MART STORES EAST, LP
28 LIBERTY STREET
NEW YORK, NY 10005

ALICE SHI
161 Centereach Mall
Centereach, NY 11720

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

MATHIAS SEIBERT,

Plaintiff,

-against-

WALMART INC., WAL-MART STORES EAST, LP and ALICE SHI,

Defendants.

**Index No.:**

**VERIFIED COMPLAINT**

Plaintiff, MATHIAS SEIBERT, by and through his attorneys, MORGAN & MORGAN NEW YORK PLLC, alleges upon information and belief:

1. Plaintiff MATHIAS SEIBERT, at all times herein mentioned, was and has been a resident of the County of Suffolk, State of New York.

2. At all relevant times herein, Defendant, WALMART INC., was and still is a Delaware corporation, with a principal place of business in the State of Arkansas.

3. At all relevant times herein, Defendant, WALMART INC., transacted business within the State of New York and/or contracted anywhere to supply goods or services in the State of New York.

4. At all relevant times herein, Defendant, WALMART INC., owned, used, or possessed real property situated within the State of New York.

5. At all relevant times herein, Defendant, WALMART INC., conducted business within the State of New York.

6. At all relevant times herein, Defendant, WALMART INC., regularly did business, solicited business, engaged in a persistent course of conduct, or derived substantial revenue from goods used, goods consumed, or services rendered in the State of New York.

7. At all relevant times herein, Defendant, WALMART INC., expected or should have reasonably expected its acts to have consequences in the State of New York.

8. On and before April 24, 2026 (the "Subject Date"), Defendant, WALMART INC., owned the premises located at 161 Centereach Mall, Centereach, NY 11720 (the "Subject Premises").

9. On and before the Subject Date, Defendant, WALMART INC., was one of the owners of the Subject Premises.

10. On and before the Subject Date, Defendant, WALMART INC., leased the Subject Premises.

11. On and before the Subject Date, Defendant, WALMART INC., by its servants, agents, and/or employees, possessed the Subject Premises.

12. On and before the Subject Date, Defendant, WALMART INC., by its servants, agents, and/or employees, operated the Subject Premises.

13. On and before the Subject Date, Defendant, WALMART INC., did business at the Subject Premises.

14. On and before the Subject Date, Defendant, WALMART INC., by its servants, agents, and/or employees, maintained the Subject Premises.

15. On and before the Subject Date, Defendant, WALMART INC., by its servants, agents, and/or employees, cleaned the Subject Premises.

16. On and before the Subject Date, Defendant, WALMART INC., by its servants, agents, and/or employees, managed the Subject Premises.

17. On and before the Subject Date, Defendant, WALMART INC., by its servants, agents, and/or employees, inspected the Subject Premises.

18. On and before the Subject Date, Defendant, WALMART INC., by its servants, agents, and/or employees, controlled the Subject Premises.

19. On or before the Subject Date, Defendant, WALMART INC., by its servants, agents, and/or employees, repaired the Subject Premises.

20. On or before the Subject Date, Defendant, WALMART INC., by its servants, agents, and/or employees, designed the Subject Premises.

21. On or before the Subject Date, Defendant, WALMART INC., by its servants, agents, and/or employees, constructed the Subject Premises.

22. On or before the Subject Date, Defendant, WALMART INC., by its servants, agents, and/or employees, derived a special use from the Subject Premises.

23. On or before the Subject Date, Defendant, WALMART INC., by its servants, agents, and/or employees, hired, retained, contracted, and/or trained certain individuals or entities to perform cleaning, maintenance, repair, and/or other services at the Subject Premises.

24. At all times herein mentioned, it was the duty of Defendant, WALMART INC., to maintain the Subject Premises in a reasonably safe and suitable condition for patrons, customers, guests, tenants, and pedestrians, including but not limited to Plaintiff.

25. At all times herein mentioned, it was the duty of Defendant, WALMART INC., to maintain the area near the exterior doors leading to the Garden Center (the "Subject Location") at the Subject Premises in a reasonably safe and suitable condition for patrons, customers, guests, tenants, and pedestrians, including but not limited to Plaintiff.

26. On or before the Subject Date, Defendant, WALMART INC., by its servants, agents, and/or employees, sprayed water in and around the Subject Location at the Subject Premises.

27. On or before the Subject Date, Defendant, WALMART INC., by its servants, agents, and/or employees, inspected the Subject Location at the Subject Premises.

28. On or before the Subject Date, Defendant, WALMART INC., by its servants, agents, and/or employees, repaired the Subject Location at the Subject Premises.

29. On or before the Subject Date, Defendant, WALMART INC., by its servants, agents, and/or employees, installed the walking surface at the Subject Location at the Subject Premises.

30. On or before the Subject Date, Defendant, WALMART INC., by its servants, agents, and/or employees, designed the walking surface at the Subject Location at the Subject Premises.

31. On or before the Subject Date, Defendant, WALMART INC., by its servants, agents, and/or employees, cleaned the walking surface at the Subject Location at the Subject Premises.

32. On or before the Subject Date, Defendant, WALMART INC., derived a special use from the Subject Location at the Subject Premises.

33. At all relevant times herein, Defendant, WAL-MART STORES EAST, LP, was and still is a Delaware limited partnership, with a principal place of business in the State of Arkansas.

34. At all relevant times herein, Defendant, WAL-MART STORES EAST, LP, transacted business within the State of New York and/or contracted anywhere to supply goods or services in the State of New York.

35. At all relevant times herein, Defendant, WAL-MART STORES EAST, LP, owned, used, or possessed real property situated within the State of New York.

36. At all relevant times herein, Defendant, WAL-MART STORES EAST, LP, conducted business within the State of New York.

37. At all relevant times herein, Defendant, WAL-MART STORES EAST, LP, regularly did business, solicited business, engaged in a persistent course of conduct, or derived substantial revenue from goods used, goods consumed, or services rendered in the State of New York.

38. At all relevant times herein, Defendant, WAL-MART STORES EAST, LP, expected or should have reasonably expected its acts to have consequences in the State of New York.

39. On and before the Subject Date, Defendant, WAL-MART STORES EAST, LP, owned the Subject Premises.

40. On and before the Subject Date, Defendant, WAL-MART STORES EAST, LP, was one of the owners of the Subject Premises.

41. On and before the Subject Date, Defendant, WAL-MART STORES EAST, LP, leased the Subject Premises.

42. On and before the Subject Date, Defendant, WAL-MART STORES EAST, LP, by its servants, agents, and/or employees, possessed the Subject Premises.

43. On and before the Subject Date, Defendant, WAL-MART STORES EAST, LP, by its servants, agents, and/or employees, operated the Subject Premises.

44. On and before the Subject Date, Defendant, WAL-MART STORES EAST, LP, did business at the Subject Premises.

45. On and before the Subject Date, Defendant, WAL-MART STORES EAST, LP, by its servants, agents, and/or employees, maintained the Subject Premises.

46. On and before the Subject Date, Defendant, WAL-MART STORES EAST, LP, by its servants, agents, and/or employees, cleaned the Subject Premises.

47. On and before the Subject Date, Defendant, WAL-MART STORES EAST, LP, by its servants, agents, and/or employees, managed the Subject Premises.

48. On and before the Subject Date, Defendant, WAL-MART STORES EAST, LP, by its servants, agents, and/or employees, inspected the Subject Premises.

49. On and before the Subject Date, Defendant, WAL-MART STORES EAST, LP, by its servants, agents, and/or employees, controlled the Subject Premises.

50. On or before the Subject Date, Defendant, WAL-MART STORES EAST, LP, by its servants, agents, and/or employees, repaired the Subject Premises.

51. On or before the Subject Date, Defendant, WAL-MART STORES EAST, LP, by its servants, agents, and/or employees, designed the Subject Premises.

52. On or before the Subject Date, Defendant, WAL-MART STORES EAST, LP, by its servants, agents, and/or employees, constructed the Subject Premises.

53. On or before the Subject Date, Defendant, WAL-MART STORES EAST, LP, by its servants, agents, and/or employees, derived a special use from the Subject Premises.

54. On or before the Subject Date, Defendant, WAL-MART STORES EAST, LP, by its servants, agents, and/or employees, hired, retained, contracted, and/or trained certain individuals or entities to perform cleaning, maintenance, repair, and/or other services at the Subject Premises.

55. At all times herein mentioned, it was the duty of Defendant, WAL-MART STORES EAST, LP, to maintain the Subject Premises in a reasonably safe and suitable condition for patrons, customers, guests, tenants, and pedestrians, including but not limited to Plaintiff.

56. At all times herein mentioned, it was the duty of Defendant, WAL-MART STORES EAST, LP, to maintain the Subject Location at the Subject Premises in a reasonably safe and suitable condition for patrons, customers, guests, tenants, and pedestrians, including but not limited to Plaintiff.

57. On or before the Subject Date, Defendant, WAL-MART STORES EAST, LP, by its servants, agents, and/or employees, sprayed water in and around the Subject Location at the Subject Premises.

58. On or before the Subject Date, Defendant, WAL-MART STORES EAST, LP, by its servants, agents, and/or employees, inspected the Subject Location at the Subject Premises.

59. On or before the Subject Date, Defendant, WAL-MART STORES EAST, LP, by its servants, agents, and/or employees, repaired the Subject Location at the Subject Premises.

60. On or before the Subject Date, Defendant, WAL-MART STORES EAST, LP, by its servants, agents, and/or employees, installed the walking surface at the Subject Location at the Subject Premises.

61. On or before the Subject Date, Defendant, WAL-MART STORES EAST, LP, by its servants, agents, and/or employees, designed the walking surface at the Subject Location at the Subject Premises.

62. On or before the Subject Date, Defendant, WAL-MART STORES EAST, LP, by its servants, agents, and/or employees, cleaned the walking surface at the Subject Location at the Subject Premises.

63. On or before the Subject Date, Defendant, WAL-MART STORES EAST, LP, derived a special use from the Subject Location at the Subject Premises.

64. At all relevant times herein, Defendant, ALICE SHI, at all times herein mentioned, was and has been a resident of the County of Queens, State of New York.

65. At all relevant times herein, Defendant, ALICE SHI, at all times herein mentioned, was and has been a Walmart employee and store manager assigned to the Walmart store operated at the Subject Premises.

66. On and before the Subject Date, Defendant, ALICE SHI, operated the Subject Premises.

67. On and before the Subject Date, Defendant, ALICE SHI, did business at the Subject Premises.

68. On and before the Subject Date, Defendant, ALICE SHI, maintained the Subject Premises.

69. On and before the Subject Date, Defendant, ALICE SHI, cleaned the Subject Premises.

70. On and before the Subject Date, Defendant, ALICE SHI, managed the Subject Premises.

71. On and before the Subject Date, Defendant, ALICE SHI, inspected the Subject Premises.

72. On and before the Subject Date, Defendant, ALICE SHI, controlled the Subject Premises.

73. On or before the Subject Date, Defendant, ALICE SHI, repaired the Subject Premises.

74. On or before the Subject Date, Defendant, ALICE SHI, hired, retained, contracted, and/or trained certain individuals or entities to perform cleaning, maintenance, repair, and/or other services at the Subject Premises.

75. At all times herein mentioned, it was the duty of Defendant, ALICE SHI, to maintain the Subject Premises in a reasonably safe and suitable condition for patrons, customers, guests, tenants, and pedestrians, including but not limited to the Plaintiff herein.

76. At all times herein mentioned, it was the duty of Defendant, ALICE SHI, to maintain the Subject Location at the Subject Premises, in a reasonably safe and suitable condition for patrons, customers, guests, tenants, and pedestrians, including but not limited to the Plaintiff herein.

77. On or before the Subject Date, Defendant, ALICE SHI, sprayed water in and around the Subject Location at the Subject Premises.

78. On or before the Subject Date, Defendant, ALICE SHI, inspected the Subject Location at the Subject Premises.

79. On or before the Subject Date, Defendant, ALICE SHI, cleaned the walking surface at the Subject Location at the Subject Premises.

80. On the Subject Date, Plaintiff, MATHIAS SEIBERT, was lawfully traversing the Subject Location at the Subject Premises.

81. On the Subject Date, Plaintiff, MATHIAS SEIBERT, was caused to fall due to a wet, slippery, liquid-covered, hazardous, unsafe walking surface at the Subject Location of the Subject Premises, thereby sustaining serious injuries and damages.

82. On and before the Subject Date, Defendants had notice of this defective condition and/or the recurrence of similar and related conditions. In the alternative, Defendants created the defective condition.

83. Plaintiff MATHIAS SEIBERT's injuries and damages were caused solely by Defendants' negligence in causing and/or permitting this dangerous condition, which Defendants knew, or should have known, existed and continued to exist, and/or by failing to warn Plaintiff, MATHIAS SEIBERT, of said dangerous condition.

84. The foregoing incident and resulting serious injuries occurred as a direct result of the negligence, carelessness, and/or recklessness of Defendants, their employees, agents, servants, and/or staff, without any negligence attributable in any measure to Plaintiff.

85. As a result of the negligence, carelessness, and/or recklessness of Defendants, their employees, agents, servants, and/or staff, Plaintiff was seriously injured and has suffered damages in an amount that exceeds the monetary jurisdictional limits of all lower New York State courts.

86. The limitations on liability set forth in CPLR Article 16 do not apply herein; one or more of the exemptions set forth in CPLR § 1602 applies.

**WHEREFORE**, Plaintiff, MATHIAS SEIBERT, demands judgment against Defendants in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction and the minimum amount in controversy required for federal diversity jurisdiction

pursuant to 28 U.S.C. § 1332, and Plaintiff demands such other and further relief as the Court may deem just and proper, together with the costs and disbursements of this action.

Dated: New York, New York
July 27, 2026

**MORGAN & MORGAN NEW YORK PLLC**

By: *<u>/s/ Nicholas Gerschman</u>*
Nicholas Gerschman
*Attorneys for Plaintiff*
199 Water Street, 15th Floor
New York, NY 10038
(917) 344-7021
ngerschman@forthepeople.com

**ATTORNEY VERIFICATION**

Nicholas Gerschman, an attorney duly admitted to practice law in the courts of the State of New York, states:

I am the attorney for Plaintiff in the within action and have read the foregoing Complaint and know the contents thereof; the same is true to my knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true. This verification is made by this affiant and not by Plaintiff because Plaintiff is in and resides in a county other than the county in which your affiant maintains an office.

The grounds of affiant's knowledge and belief are as follows: conferences with client and notes and records contained in the file maintained in the regular course of business.

The undersigned affirms that the foregoing statements are true under the penalties of perjury.

Dated: New York, New York
July 27, 2026

*/s/ Nicholas Gerschman*
Nicholas Gerschman

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** SUFFOLK
---------------------------------------------------------------------x
MATHIAS SEIBERT,

Plaintiff/Petitioner,

- against - Index No. 621221/2026

WALMART INC., WAL-MART STORES EAST, LP
and ALICE SHI,

Defendant/Respondent.
---------------------------------------------------------------------x

**NOTICE OF ELECTRONIC FILING**
**(Mandatory Case)**
(Uniform Rule § 202.5-bb)

**You have received this Notice because**:

1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
Give this Notice to your attorney. (Attorneys: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
**You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

**If you choose to participate in e-filing, you must have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

The **benefits of participating in e-filing** include:

- serving and filing your documents electronically
- free access to view and print your e-filed documents
- limiting your number of trips to the courthouse
- paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**
**(E-filing is Mandatory for Attorneys)**

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated: July 28, 2026

Nicholas Gerschman
Name

Morgan & Morgan NY PLLC
Firm Name

199 Water Street, Floor 15
New York, NY 10038
Address

(917) 344-7021
Phone

ngerschman@forthepeople.com
E-Mail

To:

**WALMART INC.**
**28 LIBERTY STREET**
**NEW YORK, NY 10005**

**WAL-MART STORES EAST, LP**
**28 LIBERTY STREET**
**NEW YORK, NY 10005**

**ALICE SHI**
**161 Centereach Mall**
**Centereach, NY 11720**

2/24/20