UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATHIAS SEIBERT,<br><br>Plaintiff,<br><br>v.<br><br>WALMART INC., WAL-MART STORES EAST, LP and ALICE SHI,<br><br>Defendants. | Case No.: 2:26-cv-04859-LGD |

**PROPOSED DISCOVERY PLAN/SCHEDULING ORDER**
**(Magistrate Judge Lee G. Dunst)**

**Case No.:** 2:26-cv-04859-LGD

**Date of Initial Conference:** October 7, 2026, at 11:00 a.m., Courtroom 830, Alfonse M. D'Amato Federal Courthouse, Central Islip

Plaintiff(s) (including names of counsel who will appear at the initial conference):

Mathias Seibert, by Morgan & Morgan New York PLLC, 199 Water Street, 15th Floor, New York, New York 10038. Nicholas Gerschman, Esq. will appear at the initial conference.

Defendants(s) (including names of counsel who will appear at the initial conference):

Wal-Mart Stores East, LP, i/s/h/a Walmart Inc. and Wal-Mart Stores East, LP, by O'Connor & O'Connor, Esqs., 7 Bayview Avenue, Northport, New York 11768. Bruna Bomfim, Esq. will appear at the initial conference.

Defendant "Alice Shi" has not been served and has not appeared. Defendants' Verified Answer asserts that no employee or store manager by that name worked at the Centereach store on April 24, 2026.

**PREPARATION FOR INITIAL CONFERENCE**

**1. Rule 26(f) Meeting**

a. Date(s) meeting(s) held:

October 6, 2026, by telephone.

b. Plaintiff(s)' representative(s) who participated:

Nicholas Gerschman, Esq., Morgan & Morgan New York PLLC.

c. Defendant(s)' representative (s) who participated:

Patricia A. O'Connor, Esq., O'Connor & O'Connor, Esqs.

**2. Discovery Exchanged Prior To Initial Conference**

Defendants' disclosures and demands. On August 10, 2026, with the removal papers, Defendants' counsel emailed a Demand for Production of Required Disclosures and of Documents and Things, Interrogatories, Expert Interrogatories, and a Notice of Deposition of Plaintiff, each dated August 7, 2026, the deposition noticed for September 7, 2026. Plaintiff served his responses on September 24, 2026.

Defendants' Rule 26(a)(1) disclosures served October 6, 2026.

Plaintiff's disclosures and demands. Plaintiff's Rule 26(a)(1) initial disclosures, a First Set of Requests for Production (including a request for entry on the premises under Rule 34(a)(2)), a First Set of Interrogatories, a First Set of Requests for Admission, and Plaintiff's responses to Defendants' demands, with the documents identified in those responses will be served on October 7, 2026.

**3. Electronically Stored Information (if any)**

a. Have counsel discussed any ESI to be produced?

Yes. The electronically stored information at issue is limited and has been identified: store surveillance video of the garden center doorway for April 24, 2026; Defendants' electronic incident report and evidence-collection records; communications among store associates on Me@Walmart, Workplace, Microsoft Teams, or similar platforms concerning the incident or watering on April 24, 2026; electronically maintained scheduling, timekeeping, and training records; and Plaintiff's photographs and electronically maintained medical and billing records. Video will be produced with the player needed to view it, if applicable. Other ESI will be produced as searchable PDF, or in native format where native format is needed to review the material.

b. Have the parties entered into an ESI protocol?

No. Given the limited volume of ESI, the parties do not believe a formal ESI protocol is necessary. The parties will resolve any form-of-production issue under Local Civil Rule 26.4 as it arises.

**4. Protective Order (if any)**

Plaintiff does not anticipate the need for a protective order.

**5. Do the parties consent to trial before a magistrate judge pursuant to 28 U.S.C. § 636(c)?**

No

**PHASE 1 DISCOVERY**

1. Date for completion of automatic disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure, if not yet made:

   Defendants served their Rule 26(a)(1) disclosures on October 6, 2026. Plaintiffs will serve their Rule 26(a)(1) disclosures on October 7, 2026.

2. Date for completion of preliminary discovery necessary for reasoned consideration of settlement:

   November 13, 2026. Phase 1 discovery will consist of: (a) the exchange of initial disclosures; (b) Defendants' production of the customer incident report, witness statements, evidence-collection photographs, the preserved surveillance video of the garden center doorway for April 24, 2026, a camera map for the store, the identity of the associates who watered plants in the garden center and the managers on duty on April 24, 2026; (c) Plaintiff's production of medical records, bills, HIPAA-compliant authorizations, photographs, and collateral-source and lien information; and (d) Defendants' responses to Plaintiff's First Set of Requests for Production, First Set of Interrogatories, and First Set of Requests for Admission, due October 26, 2026.

3. Settlement Conference and Mediation

   a. The parties select Option 1: Proposed date for initial settlement conference [any time prior to the commencement of Phase 2 discovery]: the week of November 30 or December 7, 2026, or the earliest date in December 2026 that the Court's calendar permits, following completion of Phase 1 discovery. The parties will exchange a formal demand and offer before the conference in accordance with Judge Dunst's Individual Practice Rule VI.B.

**PHASE 2 DISCOVERY**

1. Deadline for proposed amendment of the pleadings to add claims or join additional parties:

   January 8, 2027.

2. Anticipated number of depositions: plaintiff(s): three; defendant(s): one.

   Plaintiff anticipates deposing a Rule 30(b)(6) designee of Wal-Mart Stores East, LP; the associate or associates who watered plants in the garden center on April 24, 2026; the manager on duty. Defendants anticipate deposing Plaintiff.

3. Date for completion of fact discovery: April 30, 2027.

4. Number of expert witnesses: plaintiff(s): three; defendant(s): unknown at this time.

   Plaintiff anticipates experts in orthopedic surgery, life care planning, and premises safety.

5. Date for exchange of expert report(s): Plaintiff's expert reports on or before May 28, 2027; Defendants' expert reports on or before June 25, 2027; rebuttal reports, if any, on or before July 16, 2027.

6. Date for completion of expert discovery: August 13, 2027.

7. Date for submission of joint certification of completion of all discovery: August 20, 2027.

8. Final date to take the first step in dispositive motion practice: September 10, 2027. (Parties are directed to consult the District Judge's Individual Rules regarding such motion practice).

**DIVERSITY JURISDICTION**

If the parties are in federal court pursuant to diversity jurisdiction (see 28 U.S.C. § 1332), the parties shall provide the basis for such jurisdiction.

This action was commenced in the Supreme Court of the State of New York, Suffolk County (Index No. 621221/2026), and removed by Notice of Removal filed August 10, 2026, on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a)(1).

Plaintiff Mathias Seibert is a citizen of New York. He is domiciled at 28 Richard Avenue, Lake Ronkonkoma, Suffolk County, New York.

Defendant Wal-Mart Stores East, LP is a Delaware limited partnership. Its sole general partner, WSE Management, LLC, and its sole limited partner, WSE Investment, LLC, are Delaware limited liability companies. The sole member of each is Wal-Mart Stores East, LLC, an Arkansas limited liability company, whose sole member is Walmart Inc., a Delaware corporation with its principal place of business in Bentonville, Arkansas. Wal-Mart Stores East, LP is therefore a citizen of Delaware and Arkansas. Walmart Inc. is a citizen of Delaware and Arkansas.

Defendant "Alice Shi" has not been served and has not appeared. Defendants assert that no employee or store manager by that name worked at the Centereach store on April 24, 2026 (Verified Answer ¶ TWENTIETH). Plaintiff has served discovery to identify the associate described in the Complaint and reserves the right to move to amend the Complaint to name that person.

The amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff sustained a comminuted, displaced fracture of the right distal fibula repaired by open reduction and internal fixation with a plate and screws, a compression fracture of the L5 vertebra, and a post-operative deep vein thrombosis. Past medical expenses identified to date exceed $56,000, and Plaintiff's settlement demand exceeds the jurisdictional threshold.

Dated: October 7, 2026

MORGAN & MORGAN NEW YORK PLLC
Attorneys for Plaintiff

By: /s/ *Nicholas Gerschman*
Nicholas Gerschman
199 Water Street, 15th Floor
New York, New York 10038
(917) 344-7021
ngerschman@forthepeople.com

O'CONNOR & O'CONNOR, ESQS.
Attorneys for Defendant Wal-Mart Stores East, LP, i/s/h/a Walmart Inc. and Wal-Mart Stores East, LP

By: /s/ *Patricia O'Connor*
Patricia A. O'Connor
7 Bayview Avenue
Northport, New York 11768
(631) 261-7778
patricia.oconnor@oconnorlaw.co